IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RANDALL LAMONT ROLLE,

    Plaintiff,

vs.                                      Case No. 4:14cv339-RH/CAS

MICHAEL DILMORE,
HOLLY LOFLAND, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, submitted a civil rights complaint, doc. 1, a motion to proceed in forma pauperis, doc. 2, and a motion for declaratory judgment and injunctive relief, doc. 3. Plaintiff's in forma pauperis motion has been granted in a separate Order entered this day.

    Plaintiff has been a frequent filer in this Court. The claims raised in this case are based on the same facts as Plaintiff previously litigated in case number 4:06cv373-MP/WCS. That case was dismissed for failure to state a claim and pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.3d 383 (1994) on December 22, 2006. Docs. 19 and 24 of that case. Plaintiff acknowledges that prior case in the instant complaint, doc. 1 at 5, although he incorrectly states it was dismissed as frivolous. Nevertheless, Plaintiff does not explain how this case has merit when his

prior case did not, nor does Plaintiff provide any argument to explain any differences between this case and the prior case.

Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). In other words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296. If all four requirements are met, a court must review the new complaint to determine whether a new claim is presented and, if so, whether the new claim could have been raised in the prior suit. If the court determines that "the new suit was or could have been raised in the prior action," then res judicata applies.[1] *Id.* However, the preclusion of claims that "could have been brought" in earlier litigation does not include claims that arose after the original complaint was filed in the prior action, unless the plaintiff actually asserted the claim in

---

[1] "*Res judicata* applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir. 1992) (quotation marks omitted). Additionally, "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990).

"supplemental pleadings or otherwise." Pleming v. Universal–Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998).

Here, Plaintiff's prior case and this present case are the same. The claims arise out of the same facts of Plaintiff's January 4, 2002, arrest, an August 19, 2002, plea hearing, and the subsequent warrant charging Plaintiff with violating his probation which resulted in Plaintiff's probation being revoked on May 8, 2003, and sentencing Plaintiff to ten years in state prison. See doc. 1 at 8-15.

The claims raised in the prior case were against three Defendants: the Tallahassee Police Department, Officer Michael Dilmore, and Officer Holly Lofland. Docs. 1, 17 of case number 4:06cv373. Plaintiff claimed that Defendant Dilmore, a Tallahassee Police Officer, improperly stopped him for failing to stop at a red light, then unlawfully arrested him for DUI and, after a search of Plaintiff's vehicle, for possession of cocaine with intent to sell. Plaintiff complained that his car was unlawfully searched without probable cause, impounded "out of spite" although he had a friend who was a licensed driver, he was denied the right to call an attorney by Defendant Lofland. Id. Plaintiff further challenged the plea hearing held on August 19, 2002, and requested this Court "invalidate proceedings on August 19, 2002, that used tangible unlawfully seized evidence" from the January 4th traffic stop by Defendants Dilmore and Lofland. Doc. 17. Plaintiff's claims were found barred because a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been

reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id*. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id*. at 2373. Plaintiff has still not demonstrated that his conviction was overturned. The earlier complaint failed to state a claim, and this complaint does as well. More importantly, the claims against Defendants Filmore, Lofland, and the Tallahassee Police Department are barred by the doctrine of *res judicata*.

While Plaintiff did not name the other Defendants from this case in the prior action, those claims cannot go forward either. Plaintiff's claims against Defendant John Maceluck, an assistant state attorney, the State Attorney's Office, James C. Hankinson, a state court judge, Kathleen Kirwin, Plaintiff's criminal defense attorney, and the Second Judicial Circuit Court are barred because the claims occurred in 2002 and 2003. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are barred by the statute of limitations and should be dismissed.

Moreover, "[t]raditional common-law immunities for prosecutors apply to civil cases brought under § 1983. Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010), *citing* Imbler v. Pachtman, 424 U.S. 409, 427-28, 96 S.Ct. 984, 993-94, 47 L.Ed.2d 128

(1976). "In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " Van de Kamp v. Goldstein, 555 U.S. 335, 129 S.Ct. 855, 860, 172 L.Ed.2d 706 (2009) (quoting Imbler, 424 U.S. at 430, 96 S.Ct. at 995; *accord* Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999), *quoted in* Rehberg, 611 F.3d at 837. "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." Jones, 174 F.3d at 1281, *quoted in* Rehberg, 611 F.3d at 838. Accordingly, Plaintiff's claims cannot proceed against the State Attorney's Office of Assistant State Attorney Maceluch and must be dismissed.

Plaintiff's claim against Defendant James Hankinson, the state court judge presiding over his case is also barred because a judge is entitled to absolute judicial immunity in this § 1983 case. A judge is entitled to absolute immunity for all actions taken in his judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting* Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Plaintiff was before Defendant Hankinson as a defendant in a criminal case and, thus, Plaintiff dealt with him in his judicial capacity. The claims are barred.

Plaintiff's claim against Defendant Kathleen Kirwin cannot go forward because she was representing Plaintiff in the state criminal proceedings. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not

"state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors.  Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  The actions of defense counsel in representing Plaintiff are the acts of a private party.  The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)(holding that under the facts of this case, a public defender was not acting "under color of state law" but declining to hold that a public defender never acts in that role).  Plaintiff cannot pursue a § 1983 claim against his defense counsel and, accordingly, the complaint fails to state a claim against Defendant Kirwin.

Finally, Plaintiff may not sue the Second Judicial Circuit Court as that entity is not a "person" that may be sued under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989).  The Court is a building, not a person.  Thus, the claim against the Second Judicial Circuit Court must be dismissed for failure to state a claim.

Because Plaintiff's civil rights complaint, doc. 1, cannot go forward, the motion for declaratory judgment and for injunctive relief, doc. 3, should also be denied.  Injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

<u>Keeton v. Anderson–Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011); <u>United States v. Jefferson County</u>, 720 F.2d 1511, 1519 (11th Cir. 1983).  Because Plaintiff's complaint is insufficient, there is no basis to grant the motion for an injunction.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), because it is barred by *res judicata*, and the motion for declaratory judgment and injunctive relief, doc. 3, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 23, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**