IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RANDALL LAMONT ROLLE

    Plaintiff,

v.                                      CASE NO. 4:14cv339-RH/CAS

MICHAEL DILMORE et al.,

    Defendants.

_____/


## ORDER DISMISSING THE COMPLAINT IN PART

      The plaintiff Randall Lamont Rolle asserts claims under 42 U.S.C. § 1983. The case is here on (1) the magistrate judge's report and recommendation, which concludes that the case should be dismissed, ECF No. 6; (2) Mr. Rolle's objections, ECF No. 7; (3) the order affording Mr. Rolle an opportunity to be heard further on possible grounds for dismissal, ECF No. 10; and (4) Mr. Rolle's response, ECF No. 11. I have reviewed the issues *de novo*.

      According to the complaint, in 2002 a Tallahassee police officer stopped Mr. Rolle for running a red light. Mr. Rolle handed over his brother's driver's license. The officer said he smelled alcohol and arrested Mr. Rolle for driving under the

influence.  The officer originally agreed to release Mr. Rolle's car to his passenger, but later searched the car, finding cocaine.  Another Tallahassee police officer took Mr. Rolle to jail.  Mr. Rolle was ultimately charged with, and pleaded guilty to, possessing cocaine with the intent to distribute it, giving a false name or identification to a police officer, unlawfully displaying a driver's license, and driving under the influence.

Mr. Rolle has completed a 10-year prison sentence.  According to the website of the Florida Department of Corrections, Mr. Rolle is now under supervision—on community control, a status akin to parole—and will be until July 1, 2021.  The website does not tie the supervision to any specific conviction.

In this action Mr. Rolle names as defendants the two police officers.  He also names as defendants the judge, the prosecutor, and the assistant public defender who were involved in the prosecution, together with three alleged (but nonexistent) entities: "Tallahassee Police Department, Inc."; "State Attorney Office, Inc."; and "Second Judicial Circuit Court, Inc."

Mr. Rolle apparently takes no issue with the original traffic stop, but he challenges the arrest, search of the car, and a host of procedures attending the prosecution, including, for example, the judge's acceptance of hearsay to establish a factual basis for the plea.  Mr. Rolle contends that the Constitution requires live evidence in support of a guilty plea—a plainly frivolous assertion.

Mr. Rolle is not entitled to relief against the Tallahassee Police Department—it is a department of the City of Tallahassee, not a separate entity that may be sued in its own name—or against the judge, the prosecutors, or the assistant public defender.  The report and recommendation is adopted as the court's opinion on these issues.  Mr. Rolle also is not entitled to relief against the state attorney's office or circuit court; these are not suable entities and in any event could not be sued in their own names in federal court.  *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996) (holding that a state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress).

This leaves for consideration only the claims against the officers.  Mr. Rolle sued the same officers in 2006, asserting the same or similar claims.  Another judge of this court dismissed that action based on *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, a person who is serving a state sentence cannot properly pursue an action that, if successful, necessarily would imply the invalidity of the conviction, unless the conviction has been vacated in a separate proceeding.  The Court said:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove  that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

> determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87.

The *Heck* rule rests primarily on the accepted principle that a person in custody under a state-court judgment may challenge the judgment only by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The person cannot avoid the restrictions on habeas petitions by filing instead an action under 42 U.S.C. § 1983. But when the person is no longer in custody, a habeas remedy is no longer available.

Whether *Heck* bars an action after the plaintiff has been released from custody is unsettled. *See Ferenc v. Haynes*, 4:10cv138-RH/WCS, 2010 WL 4667569 (N.D. Fla. Nov. 9, 2010) (collecting cases). In *Spencer v. Kemna*, 523 U.S. 1 (1998), five justices said that an action is not barred if the plaintiff cannot seek relief in habeas because the plaintiff is not in custody. 523 U.S. at 19 (Souter, J., concurring for four justices); *id*. at 25 (Stevens, J., dissenting) (agreeing with Justice Souter on this point). *See also Muhammad v. Close*, 540 U.S. 749 n.2

(2004) ("Members of the Court have expressed the view that unavailability of habeas for other reasons may also dispense with the *Heck* requirement.")

The Eleventh Circuit has given conflicting signals on this issue. In *Harden v. Pataki*, 320 F.3d 1289 (11th Cir. 2003), the court held *Heck* did not apply on the facts, but then, citing *Spencer*, said *Heck* did not apply for a "second reason"—that *Heck* does not bar an action if a habeas remedy is unavailable. In *Abusaid v. Hillsborough County Board of County Commissioners*, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005), the court again cited *Spencer* but this time said, "Our Court has not yet weighed in on this issue." To the same effect is *Christy v. Sheriff of Palm Beach County, Florida*, 288 F. App'x 658, 666 (11th Cir. 2008). In unpublished decisions, though, the Eleventh Circuit has applied *Heck* to plaintiffs who were not in custody. *See Vickers v. Donahue*, 137 F. App'x 285, 287 (11th Cir. 2005); *cf. Koger v. Florida*, 130 F. App'x 327 (11th Cir. 2005) (addressing a traffic offense for which the defendant almost surely was not in custody).

Other circuits also have given conflicting signals. *Compare, e.g.*, *Teichmann v. New York*, 769 F.3d 821, 827-28 (2d Cir. 2014) (Livingston, J., concurring in part) (asserting that if there is a *Heck* exception at all, it applies only when a habeas remedy was never reasonably available, not just when habeas is *no longer* available), *with id.* at 830 (Calabresi, J., concurring) (asserting that the *Heck* exception is broader: "[W]hen a plaintiff does not have access to habeas—at least

where the plaintiff has not intentionally caused habeas to be unavailable—favorable termination of the underlying sentence or conviction is not required.").

Here, Mr. Rolle's claims might fall into two categories. In the first category are claims that could succeed even if the state-court conviction was valid. At least in some circumstances, an unlawful arrest or search does not preclude a criminal prosecution. This is so because a person who is unlawfully arrested in the first instance ordinarily can still be prosecuted for the offense; an unlawful arrest does not confer transactional immunity. Similarly, an unlawful search may preclude use of the evidence it turns up, but an unlawful search does not preclude prosecution based on other evidence. None of this helps Mr. Rolle, because any claim in this category accrued in 2002, at the time of the events at issue, and is plainly barred by the four-year statute of limitations.

The second category consists of claims that could succeed only if the state-court conviction was invalid. *Heck* barred these claims, at least while Mr. Rolle was in custody as custody is defined for habeas purposes; if Mr. Rolle is still in custody as so defined, *Heck* still bars these claims, regardless of whether *Heck* applies after custody ends. Custody for this purpose is not limited to physical custody; it includes also periods of post-release supervision. In Florida, as in the federal system, most defendants who serve substantial prison sentences are released to supervision and thus remain in custody for habeas purposes.

The complaint does not allege, and the record does not indicate, that Mr. Rolle is no longer under supervision as a result of the conviction at issue. In his most recent filing, however, Mr. Rolle says he is on supervision only as a result of *other* convictions, not the conviction related to the events now at issue. If that is correct, the issue will be squarely presented whether *Heck* applies after release from custody.

In these circumstances, as a matter of discretion, I choose not to decide the *Heck* issue on initial screening. I took the same approach in *Ferenc*.

This is the preferable approach for three reasons.

First, if the complaint is served and the defendants appear, they may be able to show that Mr. Rolle is still in custody for habeas purposes. Such a showing would end the matter; *Heck* would plainly bar the action.

Second, it may turn out that the case can more easily be decided on other grounds, making it unnecessary to reach the *Heck* issue. *See Teichmann*, 769 F.3d at 825 (deciding on the merits a § 1983 claim of a person no longer in custody on the underlying conviction); *id.* at 828 (Calabresi, J., concurring) (noting that many § 1983 cases can be decided easily on the merits without reaching *Heck* and adding, "Because many *Heck* issues are contentious, I believe that a decision on these other grounds is generally preferable."). The defendants may be able to show that this case can be easily resolved on the merits.

And third, if an issue that has divided the Supreme Court 5–4, with the 5 on opposite sides in successive cases, is to go to the Eleventh Circuit or beyond, the defendants should be represented and have an opportunity to be heard on the issue. And indeed, the defendants may choose to advocate a decision in their favor on the merits, thus attempting to bypass the more contentious *Heck* issue.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted in part.

2. Mr. Rolle's claims are dismissed with prejudice against these defendants: Tallahassee Police Department, Inc.; John Maceluch; State Attorney Office, Inc.; James C. Hankinson; Second Judicial Circuit Court, Inc.; and Kathleen Kirwin.

3. Mr. Rolle's claims are not dismissed against these defendants: Michael Dilmore and Holly Lofland.

4. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

5. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on December 3, 2014.

                                         s/Robert L. Hinkle
                                         United States District Judge