IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

vs.                                      Case No. 4:14cv339-RH/CAS

MICHAEL DILMORE,
and HOLLY LOFLAND,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Randall Lamont Rolle was granted leave to amend his complaint, and Mr. Rolle's third amended complaint has been filed as document 43 on the Court's docket. ECF NO. 43. On July 17, 2015, Defendant Michael Dilmore filed a motion to dismiss the third amended complaint. ECF No. 48. In light of that motion, ECF No. 48, the motion to dismiss the second amended complaint, ECF No. 38, should be **denied as moot**.

Mr. Rolle was advised of his obligation to respond to the motion to dismiss, ECF No. 49, and he filed a timely response in opposition to the

motion to dismiss. ECF No. 50. The pending motion to dismiss, ECF No. 48, the third amended complaint, ECF No. 43, is ready for a ruling.

## Defendant Lofland

Prior to review of the motion to dismiss, Defendant Holly Lofland could not be located and has not been served with process in this case. It has been one year since service was initially directed, ECF No. 13, and despite Mr. Rolle's apparently diligent efforts, *see* ECF No. 26, Ms. Lofland's whereabouts remain unknown. Accordingly, the complaint should be dismissed as to Ms. Lofland pursuant to Federal Rule of Civil Procedure 12(b)(5).

## Allegations of the complaint, ECF No. 43

On January 4, 2002, Tallahassee Police Officer Michael Dilmore stopped the vehicle Mr. Rolle was driving for running a red light. ECF No. 43 at 4. Mr. Rolle handed Officer Dilmore a driver license which he believed to be his own, but which was in fact the license of his brother. *Id.* at 4, 5. Officer Dilmore smelled alcohol and requested Mr. Rolle to submit to a field sobriety test, which Mr. Rolle alleges he passed. *Id.* at 4. Nevertheless, Officer Dilmore told Mr. Rolle he was being arrested for DUI. *Id.* At that point, Officer Dilmore agreed to allow Mr. Rolle's passengers leave and drive Mr. Rolle's vehicle instead of impounding it. *Id.* Mr. Rolle

alleges that he "began questioning his arrest for DUI and pleaded" to be released.  *Id.*  He then "refused to sit in" Officer Dilmore's patrol car and was, admittedly, argumentative.  *Id.*  Mr. Rolle's behavior "upset" Officer Dilmore who called for assistance.  *Id.*  After Officer Randulph arrived, Mr. Rolle sat down in the rear seat of the patrol car and was secured.  *Id.* at 4-5.  Officer Dilmore then changed his mind and re-stopped Mr. Rolle's vehicle which Erika Kimbrough was driving.  *Id.* at 5.  The vehicle was impounded, which Mr. Rolle acknowledges is in accordance with Tallahassee Police Department standard operating procedures, and an inventory search was conducted.  *Id.*  That search led to the discovery of cocaine.  *Id.* at 5, 6.

    Mr. Rolle contends that Officer Dilmore violated his Fourth Amendment rights by submitting "information in his affidavit in reckless disregard of the truth."  *Id.* at 6.[1]  Mr. Rolle also alleged that he was arrested "for a cocaine charge that does not exist under Florida law," arrested for DUI even though he passed a field sobriety test, was another Fourth Amendment violation.  Finally, Mr. Rolle claims that re-stopping his

---

[1] It would appear that the untruthful statements were that (1) Mr. Rolle admitted to possession of the cocaine; (2) failed the sobriety tests; (3) provided a false name; and (4) intentionally provided his brother's drivers license.  ECF No. 43 at 6.

vehicle which was driven by Erica Kimbrough, who had committed no traffic infractions, also was a Fourth Amendment violation.  *Id.* at 7.

Mr. Rolle contends that the claims concerning his unlawful arrest and vehicle impoundment "are not barred from proceeding and would not call into question the validity of [Mr. Rolle's] conviction."  ECF No. 43 at 7.  He argues that the "statute of limitations was tolled due to equitable tolling."  *Id.*  He also claims that res judicata is inapplicable, notwithstanding that he previously brought case numbers 4:05cv334 and 4:06cv373 in this Court, because Defendants were not parties in the previous cases.  *Id.*

**Historical Information**

Mr. Rolle initiated this case on July 2, 2014.  ECF No. 1.  He brought this case after his release from a ten-year prison sentence, and after the dismissal of numerous prior civil rights cases.  *See* ECF No. 1 at 5-7.  Judicial notice is taken that Mr. Rolle's prior civil rights cases which were based on the same claims presented here were not previously reviewed on the merits because they were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  ECF Nos. 19, 24 of case # 4:06cv373-MP/WCS.[2]

---

[2] Mr. Rolle also sought to initiate another case against Officer Dilmore, Officer Holly Lofland, and the Tallahassee Police Department in case number 4:07cv317-MP/WCS.  That case was dismissed because Plaintiff had accumulated three "strikes"

Judicial notice is also taken of one of Mr. Rolle's prior habeas petitions, case number 4:06cv293-SPM/WCS, which makes it clear that he was "arrested on January 4, 2002, and charged in Leon County Circuit Court case number 02-47 with possession of cocaine 'WITS' (with intent to sell) (count I),[3] giving a false name or identification to a police officer (count

---

under 28 U.S.C. § 1915(g) and was required to pay the full amount of the filing fee. ECF Nos. 4, 6 of case # 4:07cv317. Similarly, Mr. Rolle tried to initiate another case against Officers Dilmore and Lofland in 2008, among other persons. Case # 4:08cv456-SPM/WCS. After the Report and Recommendation was adopted to dismiss the case pursuant to 28 U.S.C. § 1915(g), Mr. Rolle paid the filing fee and his claims challenging the events which occurred in January 2002 were dismissed as malicious, as barred by the statute of limitations and, once again, pursuant to Heck v. Humphrey. ECF Nos. 20 and 26 of case # 4:08cv456-SPM/WCS.

[3] Mr. Rolle maintains that "[t]here is no such crime in the State of Florida as a third degree felony possession of cocaine with intent to sell and [he] was not charged with a second degree felony possession of cocaine with intent to sell." ECF No. 50 at 5-6. Count I of the Information charged that Mr. Rolle "did unlawfully possess with the intent to sell or deliver cocaine, a controlled substance as defined in Section 893.03, contrary to Section 893.13(1)(a)2, Florida Statutes." ECF No. 37-2 of case # 4:06cv293 (Mr. Rolle's habeas case, Ex. A). The Information listed the crime as a third degree felony. *Id.* Mr. Rolle's plea lists the cocaine offense as having a 15-year penalty. ECF No. 37-2 at 5 of case # 4:06cv293. The judgment entered reflects that Mr. Rolle entered a plea of nolo contendere to "possession of cocaine with intent to sell," a violation of Florida Statute "893.12 1a2" and listed the offense as a third degree felony. *Id.* at 8. The transcript of the plea and sentencing was filed as ECF No. 37-2, pages 92-106 of case # 4:06cv293.

Mr. Rolle was charged with a valid felony offense, the only distinction being the degree of the crime. The relevant statute provides that a person may not "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." FLA. STAT. § 893.13(1)(a) (2001). A violation with a "controlled substance named or described in s. 893.03(1)(c), (2)(c)1., (2)(c)2., (2)(c)3., (2)(c)5., (2)(c)6., (2)(c)7., (2)(c)8., (2)(c)9., (3), or (4) commits a *felony of the third degree*, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." FLA. STAT. § 893.13(1)(a)2 (2002). Mr. Rolle is correct that cocaine is not included in the list of controlled substances which would constitute a third degree felony. Cocaine is a Schedule II controlled substance and is listed in Florida Statute § 893.03(2)(a), a second degree felony pursuant to FLA. STAT. § 893.13(1)(a)1. (2001). The maximum

II), unlawful display of driver's license (count III), and 'DUI' (driving under the influence of alcohol) (count IV)." ECF No. 62 at 2 of case # 4:06cv293 (citing Ex. B). Pursuant to a plea agreement,[4] Mr. Rolle entered a nolo contendere plea on August 19, 2002, to all four charges. ECF No. 62 at 2 and 4, case # 4:06cv293 (citing to Ex. B (ECF No. 37-2 at 5-18 of that case)). Mr. Rolle was ultimately "sentenced to two years probation on count one and one year of probation on count four, to be served

---

sentence for a third degree felony was, and is, only 5 years. FLA. STAT. § 775.082(3)(d) (2001). If the charge had been correctly listed as a second degree felony, then the maximum sentence was "a term of imprisonment not exceeding 15 years." FLA. STAT. § 775.082(3)(c) (2001). Additionally, fines for a third degree felony shall not exceed $5,000, and fines for a second degree felony shall not exceed $10,000. FLA. STAT. § 775.083(1). Mr. Rolle's fine was $1,000. ECF No. 37-2 at 11 of case # 4:06cv293. Accordingly, although the offense was incorrectly listed as a third degree felony, Mr. Rolle was properly advised of the correct penalties he faced had the offense been correctly listed as a second degree felony. *See* ECF No. 37-2 at 99-100, case # 4:06cv293. The scrivener's error in stating the degree of the offense is unrelated to the Fourth Amendment claims presented against Officer Dilmore. Moreover, Mr. Rolle submitted a copy of Officer Dilmore's arrest affidavit which identified the cocaine offense as a felony and *correctly* stated the statute as § 893.13(1)(a)1. ECF No. 52 at 3 (Mr. Rolle's exhibit A).

[4] The Plea signed by Mr. Rolle stated in paragraph 2: "I understand that a plea of no contest means that I will not challenge the evidence against me." ECF No. 37-2 at 5 of case # 4:06cv293. The Plea also stated that Mr. Rolle understood "the nature of the charges to which" he was pleading and his lawyer had informed him "of the facts the State would have to prove before [he] could be found guilty, and discussed with [him] any possible defenses that could be raised" in his case." *Id.* Finally, the Plea stated that Mr. Rolle understood he was "giving up the right to appeal all matters relating to [his] guilt or innocense" and the only matters he could appeal were those relating to his sentence. *Id.* at 6. The plea colloquy also advised Mr. Rolle that if his plea were accepted, his only "appeal that would still exist would be as to the legality of the sentence" imposed. ECF No. 37-2 at 97, case # 4:06cv293.

Case No. 4:14cv339-RH/CAS

concurrently." ECF No. 62 at 2 and 4[5] of case # 4:06cv293 (citing Exs. C, D).  While on probation, Mr. Rolle was arrested again on October 25, 2002, resulting in his entry of another plea to a charge of possession of a firearm by a convicted felon and a five year prison sentence to be followed by community control and then probation.  ECF No. 62 at 2-3 of that case (citing to Ex. AAA at 57-58, 61-69).  That October 2002 arrest also resulted in a violation of probation for case number 02-47 and a ten year prison sentence.  ECF No. 62 at 3, case # 4:06cv293 (citing to Ex. F).

Mr. Rolle sought to challenge the impoundment of his vehicle and the subsequent discovery of cocaine as a result of the inventory search in his § 2254 habeas petition, case number 4:06cv293.  ECF No. 62 at 15, case # 4:06cv293.  United States Magistrate Judge William Sherrill entered a Report and Recommendation which found, *inter alia*, that consideration of the claim on the merits was barred because of his plea and because he did not raise the claim in a motion to suppress.  ECF No. 62 at 17, case # 4:06cv293.  The Report and Recommendation was adopted in May 2009 and all claims were denied.  ECF No. 67, case # 4:06cv293.  Mr. Rolle's

---

[5] Mr. Rolle faced a maximum of 15 years imprisonment on the cocaine charge in count I.  ECF No. 62 at 4 and ECF No. 37-2 at 5 of case # 4:06cv293.  Mr. Rolle was given probationary sentences on counts one and four and he did not appeal.  ECF No. 62 at 4 and ECF No. 37-2 at 13 of case # 4:06cv293.

motion for certificate of appealability was denied by the Eleventh Circuit in July 2009. ECF Nos. 84-84. The Eleventh Circuit also denied Mr. Rolle's applications requesting leave to submit a second or successive petition for a writ of habeas corpus in December 2012, ECF No. 85, again in January 2013, ECF No. 86, and for a third time in May 2015, ECF No. 87.

Accordingly, Mr. Rolle has not had his Fourth Amendment claims considered on the merits. He has persistently sought review of these claims and has, for many years, sought to have his day in court. Defendant Dilmore has addressed the claims on the merits. The day Mr. Rolle has long sought after has arrived.[6]

**The motion to dismiss**

Officer Dilmore has filed the instant motion to dismiss, ECF No. 48. The motion raises collateral estoppel as a defense to the claims brought against him based on Mr. Rolle's plea agreement, conviction and sentence of probation, and qualified immunity. ECF No. 48 at 6-8. In asserting qualified immunity, Officer Dilmore also argues that Mr. Rolle's "factual

---

[6] In adopting in part the prior Report and Recommendation entered in this case, it was noted that the preferable approach was to serve the case and have Defendants respond. ECF No. 12 at 7. "[I]t may turn out that the case can more easily be decided" on the merits without reaching the more difficult issue of whether Heck applies after release from custody. Id. Officer Dilmore does not address the Heck issue in the motion to dismiss. ECF No. 48.

allegations do not plausibly show that Officer Dilmore violated a constitutional right." *Id.* at 9.

**Collateral Estoppel**

Officer Dilmore contends that collateral estoppel is applicable and requires dismissal of this case with prejudice. ECF No. 48 at 7. Officer Dilmore's argument on this point should be rejected.

"Under Florida law, collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." Quinn v. Monroe Cty., 330 F.3d 1320, 1329 (11th Cir. 2003) (cited in ECF No. 48 at 7). As noted above, however, the Fourth Amendment issue was not fully litigated in prior proceedings. Mr. Rolle entered a plea and never raised his Fourth Amendment claims in a motion to suppress. *See* Haring v. Prosise, 462 U.S. 306, 316, 103 S. Ct. 2368, 2374, 76 L. Ed. 2d 595 (1983) (holding that legality of search was not "actually litigated" in the criminal proceedings because Prosise entered a guilty plea and determining the legality of the search was "not essential to the trial court's acceptance of Prosise's guilty plea."). Therefore, despite the nolo contendere plea entered by Mr. Rolle, in light of the unique posture of this

case,[7] his plea should not be deemed to bar consideration of his Fourth Amendment claims on the merits because that claim has not been litigated in his prior cases.

**Fourth Amendment Claims**

Mr. Rolle contends he was arrested by Officer Dilmore without a warrant and without probable cause in violation of the Fourth Amendment. ECF No. 43 at 10-11. He also asserts a Fourth Amendment violation when his vehicle was stopped for a second time by Officer Dilmore so it could be impounded. *Id.* at 11. Officer Dilmore argues that he had probable cause to arrest Plaintiff or, in the alternative, he had arguable probable cause, and the complaint fails to establish a constitutional violation. ECF No. 48 at 9-11.

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" U.S. Const. amend. IV (quoted in United States v. Glover, 441 F. App'x 748, 751 (11th Cir. 2011)). A warrantless arrest without probable cause violates the Fourth Amendment. United States v. Lyons, 403 F.3d 1248, 1253 (11th Cir. 2005)(quoted in United States v.

---

[7] Mr. Rolle does not appear to be "in custody" and the bar of Heck v. Humphrey, 114 S.Ct. 2364 (1994), has not been raised. *See* ECF No. 12.

Case No. 4:14cv339-RH/CAS

Glover, 441 F. App'x at 751).  "The existence of probable cause, however, is an absolute bar to a section 1983 action for false arrest."  Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990); Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010); Case v. Eslinger, 555 F.3d 1317, 1326–27 (11th Cir. 2009); Kingsland v. City of Miami, 382 F.3d 1220, 1226, 1232 (11th Cir. 2004); Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

"Probable cause to arrest exists when a police officer has a reasonable belief that a suspect committed or was committing a crime, based upon facts and circumstances within their knowledge."  United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir.1992) (quoted in Glover, 441 F. App'x at 751); see also Brown, 608 F.3d at 734.  That remains true even if the arrest is for a misdemeanor.  The Supreme Court held in Atwater v. City of Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001), that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  Lee v. Ferraro, 284 F.3d 1188, 1194-95 (11th Cir. 2002) (quoting Atwater, 121 S.Ct. at 1557).  "Furthermore, 'a policeman's on-the-scene assessment of probable cause' not only 'provides legal justification

Case No. 4:14cv339-RH/CAS

for arresting a person suspected of crime,' but also provides justification 'for a brief period of detention to take the administrative steps incident to arrest.'" Gerstein v. Pugh, 420 U.S. 103, 113-14, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (internal marks and citations omitted) (quoted in Festa v. Santa Rosa Cty. Florida, 413 F. App'x 182, 185 (11th Cir. 2011) (concluding that even when breathalyzer test result was less than 0.05, an officer is not required to release a suspect who has detected "a moderate odor of alcohol," there was evidence of a 911 call, and the officer had direct observation of the suspect's erratic driving).

Here, Mr. Rolle acknowledged in the complaint that he handed Officer Dilmore his brother's driver license and not his own. ECF No. 43 at 4. Thus, Officer Gilmore had probable cause to arrest Mr. Rolle for giving "a false name, or otherwise falsely identify himself . . . to the law enforcement officer" in violation of Florida Statute § 901.36(1). Doing so is a first degree misdemeanor. FLA. STAT. § 901.36(1). Furthermore, it was also a violation of Florida Statute § 322.32(3) for Mr. Rolle to display or represent as his own a driver license which was issued to his brother. That offense is a second degree misdemeanor. On Mr. Rolle's own versions of facts, Officer Dilmore had probable cause to arrest Mr. Rolle for either of those offenses. The existence of probable cause is an absolute defense to

Case No. 4:14cv339-RH/CAS

Mr. Rolle's claim that his arrest was in violation of the Fourth Amendment. The motion to dismiss this claim should be granted.

Mr. Rolle also alleged that his arrest for DUI was in violation of the Fourth Amendment. Accepting the allegations as true, Officer Dilmore detected the odor of alcohol and asked Mr. Rolle to perform field sobriety tests which Mr. Rolle asserts he passed. ECF No. 43 at 4. Notwithstanding, Officer Dilmore also placed Mr. Rolle "under arrest for DUI" based on the "alleged odor of alcohol." *Id.*

Having already concluded that there was probable cause to arrest Mr. Rolle for producing his brother's driver license precludes relief for Mr. Rolle on this claim as well. "[U]nder federal and state law, 'the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest.'" Lee v. Ferraro, 284 F.3d 1188, 1196 (11th Cir. 2002)[8] (quoted in Whittington v. Town of Surfside, 490 F. Supp. 2d 1239, 1251 (S.D. Fla. 2007) aff'd in part, 269 F. App'x 918 (11th Cir. 2008)).

---

[8] The Lee quotation was also a quotation from Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., Fla., 956 F.2d 1112, 1119, n.4 (11th Cir. 1992), in which the Eleventh Circuit noted that although the arrest report presented facts of "conveying tools into jail to aid escape," the post-arrest investigation caused doubt that he was involved in the escape attempt. "Bailey was subsequently charged with bribery, unlawful compensation and unlawful possession of $500 in the jail instead," and the change in charges was deemed insignificant. Bailey, 956 F.2d at 1119, n.4. In so finding, the Court cited to United States v. Saunders, 476 F.2d 5, 7 (5th Cir. 1973); State v. Cote, 547 So.2d 993, 996 (Fla. 4th DCA 1989), for the proposition that "[t]he validity of an arrest does not turn on the offense announced by the officer at the time of the arrest."

Case No. 4:14cv339-RH/CAS

"Accordingly, so long as probable cause existed to arrest Plaintiff for any offense, the arrest and detention are valid even if probable cause was lacking as to some offenses, or even all announced charges." Whittington, 490 F. Supp. 2d at 1251; *see also* Mills v. Wainwright, 415 F.2d 787 (5th Cir. 1969) (stating that "when a crime under which the arrest is made and a crime for which probable cause exists are in some fashion related, then there is no question but that there is a valid arrest.") (quoted in United States v. Atkinson, 450 F.2d 835, 838 (5th Cir. 1971) (quoted in Sevostiyanova v. Cobb Cty. of Georgia, 569 F. App'x 666, 668 (11th Cir. 2014) *cert. denied sub nom.* Sevostiyanova v. Cobb Cty., Ga., 135 S. Ct. 2316, 191 L. Ed. 2d 979 (2015). Put another way, it does not matter that Mr. Rolle was charged with other charges when there was probable cause to arrest him for at least one charge. Thus, even if Mr. Rolle's argument is accepted there was not probable cause to arrest him for the DUI charge, Officer Dilmore had probable cause to arrest him for displaying his brother's driver license. Accordingly, this claim should be dismissed.

    Mr. Rolle also contends that his Fourth Amendment rights were violated when he was charged with possession of cocaine without probable cause. ECF No. 43 at 11. The cocaine was found during an inventory search after Mr. Rolle's vehicle was impounded. *Id.* at 5.

"Even if an arrestee's vehicle is not impeding traffic or otherwise presenting a hazard, police officers may impound a vehicle, but the decision to impound a vehicle must be made in good faith, based upon standard criteria, and not solely based upon 'suspicion of evidence of criminal activity.'" Sammons v. Taylor, 967 F.2d 1533, 1543 (11th Cir. 1992) (quoted in Glover, 441 F. App'x at 751-52). Thus, "if law enforcement officials have the authority to conduct a valid impoundment, they are not constitutionally required to permit an arrestee to make an alternative disposition of his vehicle." 441 F. App'x at 752.

When a vehicle is impounded, "local police departments generally follow a routine practice of securing and inventorying the automobiles' contents." South Dakota v. Opperman, 428 U.S. 364, 369, 96 S. Ct. 3092, 3097, 49 L. Ed. 2d 1000 (1976). Impoundment is permissible in the interest of public safety and "community caretaking functions" and are responsive to three needs: (1) protecting the property while in police custody, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from potential danger. Opperman, 428 U.S. at 368-69, 96 S. Ct. at 3097. Inventory searches are likewise permissible and, when conducted pursuant to standard procedures, are "reasonable" under the Fourth Amendment. 428 U.S. at

376, 96 S. Ct. at 3100; see also Illinois v. Lafayette, 462 U.S. 640, 646, 103 S. Ct. 2605, 2609, 77 L. Ed. 2d 65 (1983) (holding "it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed."); Colorado v. Bertine, 479 U.S. 367, 375, 107 S. Ct. 738, 743, 93 L. Ed. 2d 739 (1987) (concluding that neither Opperman or Lafayette prohibit "the exercise of police discretion so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.").

Accepting Mr. Rolle's factual allegations as true, his complaint alleged that Officer Dilmore initially agreed to release Mr. Rolle's vehicle to a passenger, Erica Kimbrough, but became upset with Mr. Rolle because he was not compliant when Officer Dilmore attempted to arrest him and directed him to sit in Officer Dilmore's vehicle. ECF No. 43 at 4. Mr. Rolle also alleged that Tallahassee Police Department has standard operating procedures which permit officers to impound vehicles. *Id.* at 4-5. He alleged that it was "during an unlawful inventory search" that the "contraband was discovered." ECF No. 43 at 5. Thus, no facts are alleged that Officer Dilmore decided to impound Mr. Rolle's vehicle because he was surreptitiously or unlawfully seeking to uncover evidence or investigate

Mr. Rolle. The impoundment was alleged to be "pursuant to standard operating procedures," and, thus, it was lawful. Consequently, because the impoundment was permissible, so was the inventory search. Accordingly, the discovery of cocaine as a result of the inventory search did not violate the Fourth Amendment and provided probable cause to charge Mr. Rolle with possession of cocaine with intent to sell. This claim should also be dismissed.

In summary, all of Mr. Rolle's constitutional claims concerning his arrest should be dismissed as he has not shown a violation of his federal civil rights. Moreover, all of Mr. Rolle's claims challenging the discovery of cocaine after the impoundment of his vehicle should also be dismissed. The search was permissible under the Fourth Amendment.

**State law claims**

Mr. Rolle asserted three vague state law claims, contending his rights under Article II, Section 5(b)[9] of the Florida Constitution were violated by

---

[9] Section 5(b), pertaining to public officers, provides: "Each state and county officer, before entering upon the duties of the office, shall give bond as required by law, and shall swear or affirm:

'I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of   (title of office) on which I am now about to enter. So help me God.',

Officer Dilmore's actions. ECF No. 43 at 11. Mr. Rolle did not allege specific factual allegations in support of those state law claims, nor did he allege how he was harmed even *if* Officer Dilmore did not take the oath or post bond. The motion to dismiss those claims, ECF No. 48 at 13-14, should be granted.

**Recommendation**

It is respectfully **RECOMMENDED** that: (1) the motion to dismiss the second amended complaint, ECF No. 38, be **DENIED as moot**; (2) the motion to dismiss, ECF No. 48, the third amended complaint be **GRANTED** and all of Mr. Rolle's claims be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 26, 2016.

 s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

and thereafter shall devote personal attention to the duties of the office, and continue in office until a successor qualifies." Article II, Section 5(b), Florida Constitution.

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**