IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RANDALL LAMONT ROLLE,

     Plaintiff,

v.                                         CASE NO. 4:14cv339-RH/CAS

MICHAEL DILMORE et al.,

     Defendants.

_____/


## ORDER OF DISMISSAL

The plaintiff Randolph Lamont Rolle asserts that he was arrested and his car was searched in 2002 in violation of the Fourth Amendment. An earlier order dismissed Mr. Rolle's claims against all defendants but two: Tallahassee police officers Michael Dilmore and Holly Lofland. See ECF No. 12. Mr. Rolle has not served process on Ms. Lofland, and the deadline for doing so has passed; the claims against her will be dismissed for this reason.

Mr. Dilmore has moved to dismiss for failure to state a claim on which relief can be granted. The motion is before the court on the report and recommendation, ECF No. 53 and the objections, ECF No. 54. I have reviewed *de novo* the issues raised by the objections.

A claim against Mr. Dilmore can go forward only if four things are all true.

First, the claim must be one that was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), while Mr. Rolle was in custody. Any claim that was not barred by *Heck* could have been brought long ago, so any such claim asserted in this case is barred by the statute of limitations. This is explained in the order of December 3, 2014, ECF No. 12.

Second, for Mr. Rolle to be able to assert now a claim that was previously barred by *Heck*, the law must be that the *Heck* bar ends upon a plaintiff's release from custody. There are authorities on both sides of this issue. Some are collected in the December 3 order. A more recent decision is *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015).

Third, Mr. Rolle must have alleged a valid claim on the merits—that he was unconstitutionally searched or arrested. As set out in the report and recommendation, Mr. Rolle's allegations fall short.

And fourth, the complaint must not show on its face that any claim against Mr. Dilmore is barred by qualified immunity. Qualified immunity applies to damages claims against public officers and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 135 S. Ct. 348 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a

public officer may be held individually liable only if the officer's conduct violates clearly established law. In this respect it bears noting that at the time of Mr. Rolle's arrest, the law of the circuit authorized an officer to search the passenger compartment of a car whose occupant was arrested. *See United States v. Gonzalez*, 71 F.3d 819, 825 (11th Cir. 1996), *abrogated by Arizona v. Gant*, 556 U.S. 332, 335 (2009), *abrogation recognized by Davis v. United States*, 564 U.S. 229, 131 S. Ct. 2419, 2426 (2011).

In sum, the report and recommendation is correct and is adopted as the court's further opinion. This order directs the entry of judgment accordingly. The order also directs the entry of judgment on Mr. Rolle's claims against other defendants—claims that were resolved by earlier orders but on which judgment was not entered under Federal Rule of Civil Procedure 54(b).

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The claims against the defendant Michael Dilmore are dismissed with prejudice.

3. The claims against the defendant Holly Lofland are dismissed without prejudice.

4.  The clerk must enter judgment stating, "The claims of the plaintiff Randall Lamont Rolle are dismissed with prejudice against these defendants: Michael Dilmore; Tallahassee Police Department, Inc.; John Maceluch; State Attorney Office, Inc.; James C. Hankinson; Second Judicial Circuit Court, Inc.; and Kathleen Kirwin.  Mr. Rolle's claims against the defendant Holly Lofland are dismissed without prejudice."

5.  The clerk must close the file.

SO ORDERED on March 26, 2016.

> s/Robert L. Hinkle
> United States District Judge